# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> *Ex rel.,* Michael J. Fisher, and Michael Fisher § <br> Individually, and Brian Bullock, and Brian § <br> Bullock, Individually § <br> § <br> v. § <br> § <br> HOMEWARD RESIDENTIAL, INC. f/k/a § <br> AMERICAN HOME MORTGAGE § <br> SERVICING, INC. § | CIVIL ACTION NO 4:12-CV-461 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Homeward Residential Inc.'s Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #63). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher alleged that Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1).

On June 4, 2014, the Court ordered that the original complaint be unsealed and served on Defendant, after the United States declined to intervene (Dkt. #27). On October 9, 2014, Defendant filed its Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #33) and its Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #34).

On October 16, 2014, Relators filed their Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #38) and *Qui Tam* Relators' First Amended Complaint (Dkt. #39).

1

The first amended complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39). On October 31, 2014, the Court denied Relators' Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #54). On November 3, 2014, the Court denied Defendant's motions to dismiss as moot (Dkt. #60).

On November 14, 2014, Defendant filed its Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #63). On December 1, 2014, Relators filed their Response in Opposition to Defendant's Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #66). Defendant filed its reply on December 11, 2014 (Dkt. #68). Relators filed their sur-reply on December 22, 2014 (Dkt. #74).

**LEGAL STANDARD**

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to

state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not

"go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

Defendant also moves to dismiss under Federal Rule of Civil Procedure 9(b). Rule 9(b) "prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009). It is a heightened pleading standard that requires parties to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010).

However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. Pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud which…must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted). The Fifth Circuit requires plaintiffs to "specify the statements intended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)). Therefore, Rule 9(b) requires the complaint to set forth "the who, what, when where, and how of the alleged fraud." *United States ex rel. Stephenson v. Archer W. Contractors, L.L.C.*, 548 F. App'x. 135, 139 (5th Cir. 2013) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Rule 9(b) "is context specific and flexible and must remain so to achieve the remedial

purpose of the False Claim[s] Act." *Grubbs*, 565 F.3d at 190. Therefore, "a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard…" *Id.* at 188. However, "[f]ailure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 12-0371, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, the response, the reply, and the sur-reply, the Court finds that Relators have stated plausible claims for purposes of defeating a Rule 12(b)(6) and a Rule 9(b) motion to dismiss.

## CONCLUSION

Based on the foregoing, Homeward Residential, Inc.'s Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #63) is hereby **DENIED**.

**SIGNED this 17th day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE