# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| *Ex rel.,* Michael J. Fisher, and Michael Fisher § | |
| Individually, and Brian Bullock, and Brian § | |
| Bullock, Individually § | |
| § | CIVIL ACTION NO 4:12-CV-461 |
| v. § | Judge Mazzant |
| § | |
| HOMEWARD RESIDENTIAL, INC. f/k/a § | |
| AMERICAN HOME MORTGAGE § | |
| SERVICING, INC. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Homeward Residential, Inc.'s Rule 12(b)(1) Motion to Dismiss, Rule 56 Motion for Summary Judgment (Dkt. #64). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher alleged that Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27). On October 9, 2014, Defendant filed its Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #33) and its Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #34).

On October 16, 2014, Relators filed their Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #38) and *Qui Tam* Relators' First Amended Complaint (Dkt. #39).

1

The first amended complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39). On October 31, 2014, the Court denied Relators' Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #54). On November 3, 2014, the Court denied Defendant's motions to dismiss as moot (Dkt. #60).

On November 14, 2014, Defendant filed its Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #64). On December 1, 2014, Relators filed their Response in Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #65). Defendant filed its reply on December 11, 2014 (Dkt. #69). Relators filed their sur-reply on December 22, 2014 (Dkt. #75).

**LEGAL STANDARD**

Defendant moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure and alternatively moves for summary judgment under Rule 56. The Court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A 12(b)(1) motion to dismiss should be granted only if it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts to support its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 556-57 (2007))

(stating that the court reviews a 12(b)(1) motion just as it would a 12(b)(6) motion). However, the court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

However, the Fifth Circuit has held that a challenge to jurisdiction under the public disclosure bar of the False Claims Act ("FCA") is "'necessarily intertwined with the merits' and is, therefore, properly treated as a motion for summary judgment." *United States ex rel. Colquitt v. Abbott Labs.*, 864 F. Supp. 2d 499, 516 (N.D. Tex. 2012) (quoting *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011)) (quoting *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173-74 (5th Cir. 2004)). Therefore, the court must view the evidence and the inferences drawn from that evidence in the light most favorable to the non-moving party, and find the absence of jurisdiction only if there is no genuine issue of material fact. *Jamison*, 649 F.3d at 326; *Reagan*, 384 F.3d at 173-74; *see* FED. R. CIV. P. 56(a). When evaluating a motion for summary judgment, a court may not weigh

the evidence or evaluate the credibility of witnesses. *Reagan*, 384 F.3d at 173.

## ANALYSIS

"The [FCA] is designed to allow suits 'by private parties on behalf of the United States against anyone submitting a false claim to the government.'" *United States ex rel. Fried v. W. Indep. Sch. Dist.*, 527 F.3d 439, 441 (5th Cir. 2008) (quoting *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 941 (1997)). The FCA "promot[es] private citizen involvement in exposing fraud against the government," while "prevent[ing] parasitic suits by opportunistic late-comers who add nothing to the exposure of fraud." *Id.* (quoting *Reagan*, 384 F.3d at 174).

The FCA limits the subject matter jurisdiction of federal courts over *qui tam* actions and states:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
> (iii) from the news media
> unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).[1] The Fifth Circuit has adopted a three-part test for analyzing whether a court has subject matter jurisdiction under the public disclosure bar: "(1) whether there has been a 'public disclosure' of allegations or transactions, (2) whether the qui tam action is 'based

---

[1] Because some of the claims alleged in Relators' First Amended Complaint took place before the 2010 amendment took effect, the prior public disclosure provision also applies. Prior to the 2010 amendment, the public disclosure provision stated:
(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
31 U.S.C. § 3730 (e)(4)(A) (2006).

upon' such publicly disclosed allegations, and (3) if so, whether the relator is the 'original source' of the information." *Colquitt*, 864 F. Supp. 2d at 517 (quoting *Reagan*, 384 F.3d at 173-74).

However, the court is not required to rigidly follow the three steps. *Jamison*, 649 F.3d at 327; *see Fried*, 527 F.3d at 442 (court can combine first two steps). "[C]ombining the first two steps can be useful, because it allows the scope of the relator's action in step two to define the 'allegations or transactions' that must be publicly disclosed in step one." *Id.*

When determining if an action is barred by the public disclosure provision, the defendant bears the burden to point to documents or transactions on which the relator's complaint is based. *See id.* "[O]nce the opposing party has identified public documents that could plausibly contain allegations or transactions upon which the relator's action is based, the relator bears the burden of demonstrating that they do not." *Id.*

*Public Disclosure of Allegations or Transactions*

To analyze whether the court has subject matter jurisdiction under the public disclosure bar, the court must determine whether there has been a public disclosure of allegations or transactions and whether the *qui tam* action is based on those publicly disclosed allegations. *Colquitt*, 864 F. Supp. 2d at 517. A FCA *qui tam* action even partly based upon public allegations or transactions is nonetheless barred. *Reagan*, 384 F.3d at 176.

The first element of the public disclosure bar is whether there has been a public disclosure of allegations or transactions. *Colquitt*, 864 F. Supp. 2d at 517. "[T]he key for determining whether allegations or transactions have been publicly disclosed is whether 'the critical elements of the fraudulent transaction were in the public domain.'" *Colquitt*, 864 F. Supp. 2d at 519 (quoting *United States ex rel. Heath v. Dall./Fort Worth Int'l Airport Bd.*, No.

3:99-cv-100-M, 2004 WL 1197483, at *5 (N.D. Tex. May 28, 2004)) (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C. Cir. 1994)). "The critical elements have been sufficiently disclosed if the disclosure, taken together, would enable the government to draw an inference of fraud." *Id.* In that respect, the best method to assess whether the bar applies is through the following formula: "if X + Y = Z, Z represents the *allegation* of fraud and X and Y represent its essential elements." *Springfield Terminal*, 14 F.3d at 654. Therefore, "[i]n order to disclose the fraudulent *transaction* publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, *i.e.*, the conclusion that fraud has been committed." *Id.*

The second element of the jurisdictional bar is whether the relator's case is "based upon the public disclosure of allegations or transactions." *Colquitt*, 864 F. Supp. 2d at 523 (citing 31 U.S.C. § 3730). This requirement is satisfied when the relator's suit is supported by the publicly disclosed allegations or transactions; therefore, the suit need not be actually derived from the earlier public disclosure itself. *Id.* "An FCA qui tam action even partly based upon publicly disclosed allegations or transactions is nonetheless 'based upon' such allegations or transactions." *Reagan*, 384 F.3d at 176; *see Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 451 (5th Cir. 1995). Therefore, a claim is barred if it alleges additional instances of fraud by a defendant if previous instances have been publicly disclosed. *See Colquitt*, 864 F. Supp. 2d at 523.

Defendant alleges that the public disclosure bar precludes Relators' claims because Relators' complaint makes allegations that are substantially the same as publicly disclosed court cases. Relators contend that the information is not substantially the same because Homeward was not a named defendant in the court cases and none of the opinions cite to an industry-wide

scheme of fraud.  The Court agrees with Relators that the court cases cited by Defendant do not preclude the current action.  The only case that mentions Defendant by name is *Castrillo v. Am. Home Mortg. Servicing, Inc.* 670 F. Supp. 2d 516 (E.D. La. 2009).  However, the *Castrillo* case is not a False Claims Act case and did not contain the same broad allegations against Homeward as alleged in the present action.  Additionally, in that case, the court found that the plaintiff had failed to establish there was a violation of TILA.  *Castrillo*, 670 F. Supp. 2d at 528.  Therefore, it does not constitute a public disclosure for the purposes of the public disclosure bar.

Additionally, Relators assert that Defendant has not demonstrated that there has been an "industry-wide scheme," in which every entity in the industry participated, or in which Defendant can easily be identified as a wrongdoer.  The Court agrees with Relators that Defendant has failed to demonstrate an industry-wide scheme of fraud.  "In order to constitute allegations or transactions, a disclosure or group of disclosures must allow the Government to identify the defendant as the alleged wrongdoer."  *Colquitt*, 864 F. Supp. 2d at 522 (citing *Jamison*, 649 F.3d at 329).  However, this does not mean that the wrongdoer must be identified by name.  *Id.*  "[I]f publicly available information discloses that every member of an identifiable group or industry committed the alleged wrongdoing, and the defendant is a member of that group, then the disclosures constitute allegations or transactions regarding the defendant."  *Id.*; *see United States ex rel. Gear v. Emergency Med. Assoc. of Ill., Inc.*, 436 F.3d 726, 729 (7th Cir. 2006) (court held that "industry-wide public disclosures bar qui tam actions against any defendant who is directly identifiable from the public disclosures.").  However, if the information only alleges wrongdoing by "a portion of a group or industry," it does not disclose allegations regarding the entire industry or group and is not precluded by the public disclosure bar.  *Id.*; *see United States ex. rel. Baltazar v. Warden et. al.*, 635 F.3d 866, 869 (7th Cir. 2011).

7

Because the court cases cited by Defendant do not contain the same allegations as those in the present case, do not identify Defendant as a party, or allege an industry-wide scheme, the Court finds that the allegations are not subject to the public disclosure bar.

Defendant also alleges that Relators' claims are barred because the essential elements were matters of public disclosure. For this argument, Defendant relies on the "X+Y=Z" formula from *Springfield Terminal*. Defendant argues that the "X" in this case is that Homeward was a participant within the HAMP program and participants were required to execute a Servicer Participation Agreement and submit certifications of compliance that were publicly disclosed (Dkt. #64 at p. 9). The "Y" refers to the allegation that "servicers did not provide TILA disclosures in connection with HAMP modifications that capitalized past-due amounts," which was disclosed in court records of previously filed cases against various loan servicers (Dkt. #64 at p. 10). Defendant alleges that these public disclosures create Relators' false certification theory (Dkt. #64 at p. 12). However, Relators assert that these public disclosures do not form their false certification theory (*See* Dkt. #65 at pp. 14-16). Relators allege that, following Defendant's equation, "Z can be nothing more than 'servicers such as Homeward participated in HAMP, submitted certificates of compliance, and did not provide TILA disclosures in connection with loan modifications.'" (Dkt. #65 at p. 15). The Court agrees with Relators that their FCA claim is not comprised of publicly disclosed allegations, and therefore, is not precluded by the public disclosure bar.

*Original Source*[2]

When a FCA action is based on publicly disclosed allegations or transactions, "the court does not have jurisdiction unless the relator is 'an original source of the information.'" *Colquitt*,

---

[2] Although the Court finds that there was no public disclosure of Relators' allegations in the present case, it will address Defendant's claim for dismissal under the original source prong of the public disclosure bar.

864 F. Supp. 2d at 524 (citing 31 U.S.C. § 3730(e)(4)(A)). An original source is:

> an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (ii) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B).[3]

A relator's "direct and independent knowledge" is based upon the information on which the allegations in the complaint are based, not the information on which the publicly disclosed allegations are based. *Colquitt*, 864 F. Supp. 2d at 524. To be "'direct,' the information must be firsthand knowledge." *Id.* (quoting *Fried*, 527 F.3d at 442-43). "In order to be 'independent,' the information known by the relator cannot depend or rely on the public disclosures." *Id.* Therefore, a relator need not be the original source of every element of his claim, but he must do more than apply his knowledge, experience, or investigation to publicly disclosed information. *See id.* at 525.

Defendant argues that Relators are not the original sources regarding the allegations in the present case. Defendant asserts that Relator Fisher provided his disclosure statement to U.S. Attorneys on April 30, 2012, and submitted his proposed complaint to U.S. Attorneys on July 16, 2012 (Dkt. #64 at p. 13; Dkt. #1). By that time, courts had already addressed claims that servicers had violated TILA by neglecting to provide disclosures as part of loan modifications (Dkt. #64 at p. 13). Therefore, Defendant argues that Relators cannot demonstrate that their claims are independent of the publicly disclosed allegations. *See Reagan*, 384 F.3d at 179 ("[S]econd hand information may not be converted into 'direct independent knowledge' simply

---

[3] Prior to the 2010 Amendment, an original source was "a person who ha[d] direct and independent knowledge of the information on which the allegations [were] based and ha[d] voluntarily provided the information to the Government before filing an action." 31 U.S.C. §3730(e)(4)(B).

because the plaintiff discovered through investigation or experience what the public already knew."). Defendant also asserts that Relator Bullock cannot be an original source because he is asserting the same claims that have previously been made by Relator Fisher (Dkt. #64 at p. 14).

Relators allege that they are original sources of the FCA allegations asserted in their complaint (Dkt. #65 at p.19). Relator Fisher alleges that he "learned the information, allegations and transactions upon which this lawsuit is based directly, in the course of [his] employment, by assisting borrowers in their attempts to obtain home loan modifications from Homeward." (Dkt. #65 at p. 20; *see* Dkt. #65-1). Relator Bullock asserts that he worked at Homeward in various positions from April 2009 through September 2014, where he learned the information pertaining to the allegations in the complaint (Dkt. #65 at pp. 24-25; *see* Dkt. #65-2).

The Court finds that there is adequate evidence suggesting that Relators are original sources of the claims and allegations asserted against Defendant in the present action. The information from which Relators' claims are derived is based upon their independent observations from either their employment within Homeward or from helping individuals obtain loan modifications from Homeward. As previously stated, the court cases relied upon by Defendant do not refer to Defendant, or allege an industry-wide scheme, or constitute similar allegations of fraud. Therefore, the Court finds that the Relators' claims against Homeward are not barred by the public disclosure bar.

## CONCLUSION

Based on the foregoing, the Court finds that Homeward Residential, Inc.'s Rule 12(b)(1) Motion to Dismiss, Rule 56 Motion for Summary Judgment (Dkt. #64) is hereby **DENIED**.

**SIGNED this 17th day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE