# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Ex rel*, Michael J. Fisher, and Michael J. Fisher | § | |
| Individually, and Brian Bullock, and Brian | § | |
| Bullock, Individually | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-461 |
| | § | Judge Mazzant |
| HOMEWARD RESIDENTIAL, INC. f/k/a | § | |
| AMERICAN HOME MORTGAGE | § | |
| SERVICING, INC. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Homeward Residential, Inc.'s Second Rule 12(b)(1) Motion to Dismiss (Dkt. #73). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher alleged that Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1; Dkt. #77 at p. 2).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27). On October 9, 2014, Defendant filed its Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #33) and its Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #34).

On October 16, 2014, Relators filed their Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #38) and *Qui Tam* Relators' First Amended Complaint (Dkt. #39).

1

The first amended complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39). On October 31, 2014, the Court denied Relators' Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #54). On November 3, 2014, the Court denied Defendant's motions to dismiss as moot (Dkt. #60).

On December 19, 2014, Defendant filed its Second 12(b)(1) Motion to Dismiss regarding the False Claim Act's ("FCA") filing requirements and the first-to-file rule (Dkt. #73). On January 5, 2015, Relators filed their Response in Opposition to Defendant's Second Rule 12(b)(1) Motion to Dismiss (Dkt. #77). On January 15, 2015, Defendant filed its reply (Dkt. #83). On January 26, 2015, Relators filed their sur-reply (Dkt. #88).

**LEGAL STANDARD**

Defendant moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. Art. III, § 2, cl. 1; U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of the substantial question of federal law. *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A Rule 12(b)(1) motion should be granted only if it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 556-57 (2007) (stating that the court reviews a 12(b)(1) motion just as it would a 12(b)(6) motion to dismiss.).

However, the court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

## ANALYSIS

*FCA Filing Requirements*:

Defendant moves for dismissal under Rule 12(b)(1) alleging that Relators failed to file the First Amended Complaint ("FAC") in accordance with the rules of the FCA (Dkt. #73 at p. 4). Relators allege that the FAC was filed in accordance with FCA requirements and the Court's October 31, 2014 order (Dkt. #77 at pp. 9-10; *see* Dkt. #54). Relators further allege that Defendant should be judicially estopped from claiming that Relators failed to follow FCA filing and service requirements based upon its argument directly opposing Relators' filing the FAC under seal (Dkt. #77 at p. 7, n. 4).

The FCA's *qui tam* provision allows private individuals to sue on behalf of the government to recover for false claims of payment submitted to the government. *United States*

*ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 812 (E.D. Tex. 2008) (citing *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)). 31 U.S.C. § 3730(b)(2) states:

> [a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.

Therefore, "(1) the action must be brought in the name of the Government; (2) the complaint must be filed *in camera* and under seal; (3) the plaintiff must serve a copy of the complaint and a written disclosure of all material evidence on the Government; and (4) the complaint shall not be served on the defendant until the court so orders." *White v. Apollo Grp.*, 241 F. Supp. 2d 710, 714 (W.D. Tex. 2003). However, courts have held that the FCA's sealing procedures do not apply to amended complaints. *See United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 803 (E.D. La. 2009); *see also United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1317, 1325-26 (N.D. Ga. 2013); *United States ex rel. Griffith v. Conn.*, No. 11-157, 2013 WL 3935074, at *2-3 (W.D. Ky. July 30, 2013).

"Judicial estoppel is an equitable doctrine that defies 'inflexible prerequisites or an exhaustive formula.'" *Gabarick v. Laurin Maritime (America) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)). "The doctrine 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Id.* (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)). Additionally, it "[prevents] litigants from playing fast and loose with the courts" and "protects 'the integrity of the judicial process.'" *Id.* (quoting *Hall v. GE*

*Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003); *United States ex rel. American Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 258 (5th Cir. 1991)). There are two requirements that must be met before a party's argument can be judicially estopped: "[f]irst, the estopped party's position must be 'clearly inconsistent with its previous one,' and second, 'that the party must have convinced the court to accept that previous position.'" *Id.* (quoting *Hall*, 327 F.3d at 396).

On October 16, 2014, Relators filed a motion to file their first amended complaint under seal (Dkt. #38; Dkt. #39). On October 20, 2014, Defendant filed its response to Relators' motion to file the first amended complaint under seal, in which Defendant argued that the first amended complaint did not need to be filed under seal to meet the filing requirements of the FCA (Dkt. #40). On October 29, 2014, Relators filed their reply (Dkt. #50). On October 31, 2014, the Court denied Relators' motion to file their first amended complaint under seal (Dkt. #54). The Court ordered that the first amended complaint be filed unsealed.

> Defendant argued in its response to Motion to File First Amended Complaint under seal:
>
> The Court should deny Fisher's sealed motion to file the First Amended Complaint under seal. While Section 3730(b)(2) requires a *qui tam* relator to file his original complaint under seal, there is nothing in the FCA that requires amended complaints to be filed under seal, particularly once the government has declined to intervene and the case has been unsealed.

(Dkt. #40 at pp. 4-5). Defendant now seems to take the opposite position, that the amended complaint should have been filed according to 31 U.S.C. § 3730(b)(2) (*See* Dkt. #73). For example, Defendant now asserts that "[t]he FCA's filing and service requirements are not discretionary procedural formalities, but are mandatory requirements to filing a *qui tam* action. Accordingly, courts routinely dismiss *qui tam* cases when the relator does not follow the FCA's filing and service requirements." (Dkt. #73 at p. 9 (citations omitted)). Additionally, Defendant

5

alleges that "Homeward seeks to dismiss the substantively new claims because those claims were filed in violation of the FCA's filing requirements. Relators could have sought to file those claims before the seal was lifted or could have sought to file a new *qui tam* action asserting those claims." (Dkt. #83 at p. 5).

However, Defendant cannot have it both ways. Defendant cannot now assert that Relators' FAC should be dismissed because they did not follow the FCA filing and service requirements. Relators sought to follow the filing requirements when they requested that the FAC be filed under seal, but Defendant asserted, at that time, that the FCA filing and service requirements were not mandatory when filing an amended complaint (Dkt. #40 at pp. 4-5). After being briefed by the parties, the Court ordered that the first amended complaint be filed unsealed (Dkt. #54)[1]. Therefore, the Court finds that Defendant is judicially estopped from asserting that Relators' FAC should be dismissed for failing to comply with the FCA's filing and service requirements. Defendant's motion to dismiss based upon Relators' failure to comply with the FCA's filing and service requirement is denied.

*First-to-File Rule*

Defendant also asserts that Relator Bullock should be dismissed from the present action based upon the first-to-file rule (Dkt. #83 at p. 5). Relators assert that the first-to-file rule does not apply to voluntarily adding a co-relator to an existing lawsuit (Dkt. #77 at p. 10). Additionally, Relators assert that if the first-to-file bar does apply, it would only at most apply to the TILA claims asserted by both Fisher and Bullock in the FAC (Dkt. #77 at p. 10).

---

[1] Although Defendant asserts that it "has not taken any inconsistent positions," it admits that Defendant was "opposed [to] Relators' attempt to *re-seal* this case in light of the strong presumption in favor of public access to court records." (Dkt. #83 at p. 5 n.5). Additionally, Defendant states that, "[t]he Court essentially agreed with Homeward's position, as it refused to allow Relators to file the FAC under seal after the original seal had been lifted." (Dkt. #83 at p. 5 n. 5). The Court, therefore, finds that Defendant has taken an inconsistent position in this motion as to Relators' need and ability to comply with the FCA's filing and service requirements.

6

The FCA's first-to-file rule states that "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). By enacting the first-to-file rule, Congress sought a "golden mean between adequate incentives for whistle-blowing insiders with genuinely valuable information and discouragement of opportunistic plaintiffs who have no significant information to contribute of their own." *Graham Cnty. Soil & Water Conservation Distr. v. United States ex rel. Wilson*, 559 U.S. 280, 294 (2010). "Section 3730(b)(5) bars a plaintiff from bringing 'a related action based on facts underlying [a] pending action.'" *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 377 (5th Cir. 2009). To determine if a later-filed complaint is barred by § 3730(b)(5), the Fifth Circuit uses an "essential facts" or "material elements" standard. *Id.* at 378. Therefore, if the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, the § 3730(b)(5) jurisdictional bar applies. *Id.*

However, the Fifth Circuit has not addressed whether § 3730(b)(5) bars a voluntarily added relator in an existing case. Defendant asserts that other "courts have applied the first-to-file rule to bar additional relators from joining an existing case." (Dkt. #73 at p. 9). Relators assert that the first-to-file bar does not apply when voluntarily joining a relator to an existing cause of action, and to do so would not advance the underlying purpose of the first-to-file bar. (*See* Dkt. #77 at pp. 16-18).

In the present case, the Court finds the reasoning of the Tenth Circuit in *United States ex rel. Precision Co. v. Koch Indus., Inc.* and the courts following the *Precision* decision to be persuasive. In *Precision*, the Tenth Circuit found the meaning of the term "intervene" within § 3730(b)(5) carries the "plain legal meaning" of the term under the Federal Rule of Civil Procedure 24. 31 F.3d 1015, 1017 (10th Cir. 1994) (stating that § 3730(b)(5) "implies

intervention of the types set forth in Rule 24(b)(2), and the addition of parties does not constitute intervention"). Therefore, the Tenth Circuit in *Precision* held that the first-to-file bar does not apply to a second relator who was voluntarily added to an existing complaint, because voluntarily adding a relator is not an intervention within the meaning of Rule 24. *Id.* at 1017-18. Additionally, in *United States ex rel. Boise v. Cephalon, Inc.*, the court explained that the first-to-file rule does not bar an additional relator because "it is unambiguous that a relator does not bring a later and separate 'related action' under § 3730(b)(5) when he or she joins an existing action through an amended complaint." No. 08-287, 2014 WL 5089671, at *4 (E.D. Pa. Oct. 9, 2014). Other courts have followed *Precision*'s textual analysis. *See, e.g.*, *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 459 (W.D. Pa. 2012); *United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-cv-285, 2011 WL 4348104, at *4 (S.D. Ohio Sept. 16, 2011); *United States ex rel. Sanders v. E. Ala. Healthcare Authority*, 953 F. Supp. 1404, 1408 (M.D. Ala. 1996).

Defendant argues that courts have found that the first-to-file bar does apply to relators being voluntarily added to an existing case (*See* Dkt. #73 at p. 9). However, the Court finds that the cases cited by Defendant are not applicable to the present case. In *United States ex rel. Nowak v. Medtronic, Inc.*, the court found that the first-to-file rule barred a newly added relator because the relator was simply joining the previously asserted allegations and not asserting new allegations or claims. 806 F. Supp. 2d 310, 327 (D. Mass. 2011). Likewise, in *United States ex rel. Manion v. St. Luke's Reg'l Med. Ctr. Ltd.*, the court found that the first-to-file rule barred adding a relator when the relator was simply joining into previously asserted allegations and not asserting new allegations or claims. No. CV 06-498-S-EJL, 2008 WL 906022, at *6-7 (D. Idaho Mar. 31, 2008). In the present case, Bullock has not merely joined the previously asserted

allegations, but has made new allegations within the amended complaint (*See* Dkt. #39). Therefore, the Court finds that the cases cited by Defendant are not applicable to the present case.

The Court finds that barring a second relator who has been voluntarily added to an existing *qui tam* action would not advance the purpose of the first-to-file bar. Barring a second relator to an existing suit could have a negative consequence of discouraging voluntary agreements between relators with information concerning related claims against a single defendant and decrease judicial efficiency. In the present case, Bullock did not "intervene" or bring a "related action" under §3730(b)(5), but instead, was voluntarily added to the existing action pursuant to a private agreement. (*See* Dkt. #77-1; Dkt. #77-2). Therefore, Bullock was properly joined to Fisher's existing action and his claim will not be dismissed.

## CONCLUSION

Based on the foregoing, Homeward Residential, Inc.'s Second 12(b)(1) Motion to Dismiss (Dkt. #73) is hereby **DENIED**.

**SIGNED this 17th day of June, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE