# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.* Michael J. Fisher, and Michael Fisher,<br>Individually, and Brian Bullock, and Brian<br>Bullock, Individually<br><br>v.<br><br>HOMEWARD RESIDENTIAL, INC., f/k/a<br>American Home Mortgage Servicing, Inc., ET.<br>AL. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CASE NO. 4:12-CV-461<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Homeward Residential Inc.'s Motion to Compel Discovery from Relators (Dkt. #131). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher alleged that Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27). On October 9, 2014, Defendant filed its Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #33) and its Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #34).

On October 16, 2014, Relators filed their Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #38) and *Qui Tam* Relators' First Amended Complaint (Dkt. #39).

1

The first amended complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39). On October 31, 2014, the Court denied Relators' Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #54).

On March 3, 2015, Relators filed their Second Amended Complaint (Dkt. #101). The Second Amended Complaint added a new defendant, Ocwen Financial Corporation ("Ocwen Financial") (Dkt. #101).

On July 2, 2015, Homeward filed its Motion to Compel Discovery from Relators (Dkt. #131). On July 7, 2015, the Court ordered an expedited briefing schedule. On July 8, 2015, Relators filed their response (Dkt. #136). On July 9, 2015, Homeward filed its reply (Dkt. #138). Also on July 9, 2015, Relators filed their sur-reply (Dkt. #140).

## ANALYSIS

Homeward is seeking production of the disclosure statements made under 31 U.S.C. § 3730(b)(2) and other communications made between Relators and the United States Government.[1] (Dkt. #131 at p. 2). Homeward also seeks the production of the following: (1) communications with former Homeward and Ocwen employees relating to the claims and allegations in the First Amended Complaint, and (2) any witness statements obtained from current or former Homeward or Ocwen employees. (Dkt. #131 at p. 2). Realtors object to both

---

[1] Homeward also subpoenaed the Government to present documents identical to the ones addressed within the present motion. The Government moved to quash the subpoena and for a protective order (*See* Dkt. #133). Although the Court has already addressed and ruled on the Government's motion, the broader arguments within the Government's Motion are addressed herein.

requests, claiming attorney-client privilege, common interest privilege, and/or the work product doctrine. (Dkt. #131 at p. 2).

*Production of Disclosure Statements*

Homeward asserts that the Court should compel disclosure of the disclosure statements and correspondence with the Government because they are not protected from disclosure and they are necessary to Homeward's defenses (Dkt. #131 at p. 3). Relators contend that they have provided Homeward with the following information: (1) the names of all persons mentioned within the disclosure statements, (2) all underlying documents used in creating and/or referenced within the disclosure statements, (3) all underlying documents provided by Relators to the United States under 31 U.S.C. § 3730(b)(2), and (4) all factual information used to create or referred to within the statements (Dkt. #136 at p. 1). Relators assert that they are only withholding the actual disclosure statements because those are protected by attorney-client privilege, common interest privilege, and the work product doctrine (Dkt. #136 at p. 1).

The False Claims Act ("FCA") authorizes a person to file a civil action alleging a violation on behalf of the person and the government. *See* 31 U.S.C. § 3730(b)(1). However, the FCA requires that the person serve on the government a "written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2). "The purpose of the written disclosure requirement 'is to provide the United States with enough information on the alleged fraud to be able to make a well reasoned decision on whether it should participate in the filed lawsuit or allow the relator to proceed alone.'" *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003) (quoting *United States ex rel. Woodard v. Country View Care Ctr., Inc.*, 797 F.2d 888, 892 (10th Cir. 1986)).

"The FCA is silent as to if the written disclosure is protected from discovery." *U.S. ex rel. Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 22071484, at *2 (N.D. Ill. Sept. 4, 2003); *see, e.g.*, *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1345-46 (E.D. Mo. 1996); *United States ex rel. Burns v. A.D. Roe Co.*, 904 F. Supp. 592, 593-94 (W.D. Ky. 1995); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 398 (D. Colo. 1992). However, the courts have found that the written disclosure statement may be protected under the work product doctrine. *See, e.g., Bagley*, 212 F.R.D. at 559-61; *O'Keefe*, 918 F. Supp. at 1346; *United States ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830, 838-39 (N.D. Ill. 1993); *Stone*, 144 F.R.D. at 400-401.

Federal Rule of Civil Procedure 26(b)(3) states in relevant part:

> [A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But…those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A). "The work-product doctrine provides qualified protection of documents and tangible items prepared in anticipation of litigation, including 'a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements.'" *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003) (quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991)). Rule 26(b)(3) distinguishes between opinion work product, which consists of the "mental impressions, conclusions, or legal theories of an attorney or other representative of a party," and ordinary work product, which consists of the "factual material prepared in anticipation of

litigation or trial." *Bagley*, 212 F.R.D. at 559; *see, e.g., United States ex. rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 684 (S.D. Cal. 1996); *Stone*, 144 F.R.D. at 401 (D. Colo. 1992).

"If a party proves that materials merit work-product protection, the party seeking discovery must prove why those materials should still be produced." *Ferko*, 219 F.R.D. at 400. The party seeking production must establish (1) a substantial need of the privileged materials and (2) an inability to obtain the information through other means without undue hardship. *Id.* However, "[a]bsent a waiver, opinion work product enjoys nearly absolute protection and is discoverable only in 'rare and extraordinary circumstances.'" *Bagley*, 212 F.R.D. at 559 (citing *Burroughs*, 167 F.R.D. at 683-684).

The Fifth Circuit has not directly addressed whether FCA disclosure statements constitute opinion work product or ordinary work product. However, in *Bagley*, a California district court found that the disclosure statements exchanged between relators and the government constituted opinion work product and were subject to absolute privilege. *See Bagley*, 212 F.R.D. 554 (C.D. Cal. 2003). The *Bagley* court found that disclosure statements constituted opinion work product because

> [t]o meet [the FCA's disclosure] obligation, the relator and his or her counsel must engage in a process of selecting and winnowing from the totality of information known to the relator only those facts and evidence that are material to the relator's legal claims. Therefore, the factual narratives in the disclosure statements reveal "the mental impressions, conclusions, opinions, or legal theories of" the relator and his or her counsel.

*Id.* at 564. The *Bagley* court also found that classifying disclosure statements as opinion work product fulfilled the purposes of 31 U.S.C. § 3730(b)(2). *Id.* at 565. However, many courts have found that disclosure statements constitute ordinary work product, and thus, the material would remain privileged unless the opposing party could demonstrate a substantial need for the material and an undue hardship in obtaining the information through alternate means. *See, e.g.,*

5

*Burroughs*, 167 F.R.D. 680; *Cericola*, 2003 WL 22071484; *United States ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378 (N.D. Ill. 2005).

Additionally, the common interest privilege is an extension of the attorney-client privilege and of the work product doctrine. *Ferko*, 219 F.R.D. at 401. It is "an exception to the general rule that the [] privilege is waived upon disclosure of privileged information with a third party." *Id.* (quoting *Katz v. AT&T Corp.*, 191 F.R.D. 433, 436 (E.D. Pa. 2000)). A number of courts have held that relators' disclosure statements are protected by the "common interest" or "joint prosecution" privilege. *See United States v. Medica-Rents Co.*, 4:01-CV-198-Y, 2002 WL 1483085 (N.D. Tex. June 21, 2002); *see also, Burroughs*, 167 F.R.D. at 685-686; *United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 26-27 (D.D.C. 2002); *United States ex rel. [Redacted] v. [Redacted]*, 209 F.R.D. 475, 478, 479 (D. Utah 2001).

The Court finds that the disclosure statements submitted to the Government by Relators pursuant to 31 U.S.C. § 3730(b)(2) constitute at least ordinary work product for the purposes of the work product doctrine. Public policy favors the full and frank communication between Relators and the Government concerning the prosecution of the case, and as such, the communications must be protected from disclosure. Therefore, protection was not waived when Relators disclosed the information to the Government as the common-interest doctrine applies.

Additionally, the Court finds that Homeward has not established both a substantial need for the documents and an undue hardship in obtaining the documents by other means. Homeward argues that it has a substantial need for the disclosure statements so that it can conduct its discovery in the present case. (Dkt. #131 at p. 6). Homeward also asserts that forcing it "to compile information through interrogatories, document requests, and depositions would place an undue burden on [it]." (Dkt. #131 at p. 7).

The Court does not find Homeward's argument to be persuasive.[2] Relators assert that they have produced to Homeward all the factual documents accompanying the disclosure statements, as well as the identity of any persons named within the disclosure statements (Dkt. #136 at p. 7). Additionally, Homeward has deposed Relators and had the opportunity to question them regarding the information contained within their allegations and their investigative efforts (Dkt. #136 at p. 7). Therefore, the Court finds that Homeward has not made the requisite showing needed to compel the production of the documents protected under the work product doctrine. Homeward's motion to compel will be denied as to the production of the disclosure statements.[3]

*Non-Testifying Consulting Experts*

Homeward also requests that Relators produce any communications with former Homeward and Ocwen employees relating to the claims and allegations in the First Amended Complaint, and any witness statements obtained from current or former Homeward or Ocwen employees. (Dkt. #131 at p. 2). Relators claim the documents are privileged under the non-testifying consulting expert privilege (*See* Dkt. #136 at p. 9-10). Additionally, at the hearing held on July 10, 2015, Homeward argued that it was challenging Relators' designation of the ex-employees as non-testifying consulting experts.

---

[2] Homeward asserts that it "is entitled, at the very least, to have the Court review *in camera* Relators' disclosure statements and require production of all non-privileged contents." (Dkt. #131 at p. 5, n. 4) (citing *Cericola*, 2003 WL 22071484, at *3 (N.D. Ill. Sept. 4, 2003); *Grand ex rel. United States v. Northrop Corp.*, 811 F. Supp. 333, 337 (S.D. Ohio 1992). As the Court stated during the July 10, 2015 hearing on this motion, Homeward has not shown that it has a substantial need for the privileged disclosed statements, and therefore, the Court will not conduct an *in camera* review.

[3] The Court will not address Relators' claim that the disclosure statement is protected by attorney-client privilege. However, reported decisions expressly addressing the issue have uniformly concluded that disclosure statements are not protected by the attorney-client privilege. *Bagley*, 212 F.R.D. at 558; *see, e.g., Burroughs*, 167 F.R.D. at 682-83; *Burns*, 904 F. Supp. at 594; *Stone*, 144 F.R.D. at 399-400.

After reviewing the relevant pleadings, the Court finds that Relators have not made an improper designation of the non-testifying consulting expert witnesses, and therefore, Homeward's motion will be denied as to the issue of the non-testifying consulting experts.

## CONCLUSION

It is therefore **ORDERED** that Homeward Residential Inc.'s Motion to Compel Discovery from Relators (Dkt. #131) is hereby **DENIED**.

**SIGNED this 31st day of July, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE