# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Ex rel.,* Michael J. Fisher, and Michael Fisher | § | |
| Individually, and Brian Bullock, and Brian | § | |
| Bullock, Individually | § | |
| | § | CIVIL ACTION NO. 4:12-CV-461 |
| v. | § | Judge Mazzant |
| | § | |
| HOMEWARD RESIDENTIAL, INC. F/K/A | § | |
| AMERICAN HOME MORTGAGE | § | |
| SERVICING, INC. ("AHMSI") and | § | |
| OCWEN FINANCIAL CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Ocwen Financial Corporation's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #169). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On July 25, 2012, Relator Michael J. Fisher ("Fisher") filed his original complaint under seal. In his original complaint, Fisher claimed Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") and W.L. Ross, & Co. LLC ("Ross") did not provide the disclosures required by the federal Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") modifications, and failed to disclose the itemization of the amount financed in its HAMP modifications (*See* Dkt. #1 at pp. 28-29). On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendants, after the United States declined to intervene (Dkt. #27).

On October 16, 2014, Relators filed their Amended Complaint (Dkt. #39). The complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA")

violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39). It also added a new relator, Brian Bullock ("Bullock," or collectively with Fisher, "Relators") (Dkt. #39). On October 31, 2014, the Court denied Relators' Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #54).

On March 3, 2015, Relators filed their Second Amended Complaint (Dkt. #101). The complaint added Ocwen Financial Corporation ("OFC") as a defendant, alleging that OFC violated the False Claims Act ("FCA") by making false representations to the government, which induced the government to enter into Servicer Participation Agreements ("SPA") with OFC (Dkt. #101 at ¶ 141). The Second Amended Complaint also claims that OFC is the parent of Homeward, and that OFC expressly or impliedly agreed to assume the obligations of its subsidiaries (Dkt. #101). Additionally, OFC operated Homeward as a mere continuation of the selling entity (Dkt. #101).

The Second Amended Complaint evidences the relationship between OFC and Homeward in terms of overlapping leadership and control (*See* Dkt. #101). On December 27, 2012, Homeward was purchased by OFC (Dkt. #101 at ¶ 8). Since 1988, OFC and its subsidiaries have serviced millions of residential loans (Dkt. #101 at ¶ 9). Further, OFC and its subsidiaries have serviced commercial assets totaling in the billions (Dkt. #101 at ¶ 9). Lastly, OFC and its subsidiaries completed 450,000 home loan modifications from 2008 through 2013 (Dkt. #101 at ¶ 9).

On August 10, 2015, OFC filed its Motion to Dismiss Under Rule 12(b)(6) (Dkt. #169). On August 27, 2015, Relators filed their response (Dkt. #175). On September 8, 2015, OFC filed its reply (Dkt. #185). On September 18, 2015, Relators filed their sur-reply (Dkt. #186).

**LEGAL STANDARD**

Defendant OFC moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement...showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the

pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, the response, the reply, and the sur-reply, the Court finds that Relators have stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Ocwen Financial Corporation's Rule 12(b)(6) Motion to Dismiss (Dkt. #169) is hereby **DENIED**.

**SIGNED this 10th day of November, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE