# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| *Ex rel.* Michael J. Fisher, Brian Bullock and § | | |
| Michael Fisher, Individually and Brian § | | |
| Bullock, Individually § | | |
| § | | |
| v. § | CASE NO. 4:12-CV-461 | |
| § | Judge Mazzant | |
| HOMEWARD RESIDENTIAL, INC., f/k/a § | | |
| American Home Mortgage Servicing, Inc., § | | |
| ET. AL. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Relators' Motion for Modification of Protective Order [ECF # 98] to Allow Relators Access to Confidential Information (Dkt. #205). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher alleged that Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (*See* Dkt. #1).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27). On October 16, 2014, Relators filed their Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #38) and *Qui Tam* Relators' First Amended Complaint (Dkt. #39). The First Amended Complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA")

1

violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39). On October 31, 2014, the Court denied Relators' Sealed Motion to Seal *Qui Tam* Relators' First Amended Complaint (Dkt. #54).

On February 9, 2015, the parties filed their Joint Motion for Entry of Protective Order (Dkt. #96). The Court granted the motion, and entered the Protective Order on February 9, 2015 (Dkt. #98).

On March 3, 2015, Relators filed their Second Amended Complaint (Dkt. #101). The complaint added Ocwen Financial Corporation ("OFC") as a defendant, alleging that OFC violated the False Claims Act ("FCA") by making false representations to the government, which induced the government to enter into Servicer Participation Agreements ("SPA") with OFC (Dkt. #101 at ¶ 141). The Second Amended Complaint also claimed that OFC was the parent of Homeward, and that OFC expressly or impliedly agreed to assume the obligations of its subsidiaries (Dkt. #101). Additionally, it claimed that OFC operated Homeward as a mere continuation of the selling entity (Dkt. #101).

On November 23, 2015, Relators filed their Motion for Modification of Protective Order [ECF # 98] to Allow Relators Access to Confidential Information (Dkt. #205; Dkt. #206). On December 10, 2015, Defendants filed their response (Dkt. #216; Dkt. #217). On December 18, 2015, Relators filed their reply (Dkt. #221). On December 31, 2015, Defendants filed their sur-reply (Dkt. #231).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 states, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense…" FED. R. CIV. P. 26(c)(1). The court's order may: (a) forbid disclosure or discovery; (b) specify terms, including time and place, for the disclosure; (d) forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. FED. R. CIV. P. 26(c)(1)(A), (B), (D). "To maintain a protective order, a party must be able to show 'for each particular document it seeks to protect…that specific prejudice or harm will result if no protective order is granted.'" *Soule v. RSC Equip. Rental, Inc.*, No. 11-2022, 2012 WL 425166, at *2 (E.D. La. Feb. 9, 2012) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). However, "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id*. (quoting *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

"The court enjoys broad discretion in entering and modifying [a protective] order." *Raytheon v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (citing *Abraham v. Intermountain Health Care Inc.*, 461 F.3d 1249, 1268 (10th Cir. 2006); *Peoples v. Aldine Indep. Sch. Dist.*, No. 06-2818, 2008 WL 2571900 (S.D. Tex. June 19, 2008)). However, "[i]n deciding whether to modify a stipulated protective order at the behest of a party that originally agreed to the order for reasons related to the private interests of the parties to the action, the court considers four factors: '(1) the nature of the protective order, (2) the foreseeability, at the time of the issuance of the order, of the modification requested, (3) the parties' reliance on the order, and most significantly (4) whether good cause exists for modification.'" *Id.* (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006)).

## ANALYSIS

Relators request that the Court modify the current protective order (the "Protective Order") in order to allow Relators to have access to the evidence in the case, and to assist counsel in preparing for trial and making fully informed decisions for the case (*See* Dkt. #205 at p. 1). Relators assert that an "Attorneys-Eyes-Only" designation is unnecessary in the present case because the parties are not competitors, and Defendants have not identified any trade secrets that would warrant extra protections (Dkt. #205 at p. 1).[1] Specifically, Relators seek to modify the current Protective Order as follows: (1) to allow Relators to view confidential documents; and (2) add additional precautions for Relators concerning confidential borrower information and communicating with nonparties. Defendants assert that Relators have not carried their burden of demonstrating why a modification of the protection order is necessary (*See* Dkt. #205 at pp. 5-6; 9-11). Defendants assert that Relators have not carried their burden of demonstrating why a modification of the protection order is necessary (*See* Dkt. #216 at pp. 5-6).[2][3]

---

[1] In their reply brief, Relators argue for the first time that they did not understand the protective order, and that there was no "meeting of the minds regarding Relators' access to confidential documents." (Dkt. #221 at p. 5). "Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *see United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th Cir. 2005); *see also Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.*, No. 06-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009) ("[A]rguments raised for the first in a Reply brief are waived."). The Court finds that Relators waived their lack of understanding argument, as it was not raised until Relators' reply brief. However, even if the Court were to consider Relators' argument, the Court finds that it would be unpersuasive. Relators have offered no evidence demonstrating that their claims regarding their alleged lack of understanding are more than naked assertions. Additionally, the Court finds that the Protective Order, which was agreed to by the parties, was clear in its intent that the Relators would not be privy to the information.

[2] The Court finds that Defendants have misstated who holds the burden for the modification in the present case. Although Relators would hold the burden if the Protective Order was entered in good cause, the Court finds that the current Protective Order was agreed to by the parties, and there was no finding of good cause before it was entered. Therefore, the Court will follow *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 3247432, at *3 (S.D. Tex. Sept. 29, 2009), which states:

> If good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection[.]

Therefore, the Court finds that Defendants hold the burden of proving that there is good cause for the continued protection of the current Protective Order.

When determining whether to modify a protective order, the Court must first consider the nature of the protective order. *See Murata*, 234 F.R.D. at 179. "When evaluating the nature of a protective order, courts consider 'its scope and whether it was court imposed or stipulated to by the parties.'" *Peoples*, 2008 WL 2571900, at *2 (quoting *Murata*, 234 F.R.D. at 179) (quoting *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995)). "A party's prior consent to the protective order will weigh against its motion for modification." *Id.* (quoting *Bayer*, 162 F.R.D. at 466).

Protective orders generally may be one of three types. "Specific protective orders are the narrowest type and cover specifically identified information." *Raytheon*, 2008 WL 4371679, at *2 (citing *Bayer*, 162 F.R.D. at 465). Umbrella protective orders "provide for the designation of all discovery as protected without any screening by either the parties or the court." *Id.* Finally, blanket protective orders require the parties to designate as protected the information that each side reasonably believes particularly sensitive. *Id.* "Specific protective orders are the least susceptible to modification, umbrella protective orders are the most susceptible to modification, and blanket protective orders fall somewhere in between." *Id.* (citing *Murata*, 234 F.R.D. at 179). The protective order in the present case is a blanket order because it allows the parties to designate information as protected when they, in good faith, feel it requires a level of increased secrecy (*See* Dkt. #98). Although blanket orders are moderately susceptible to modification, the parties agreed to the protective order; and therefore, that factor weighs against modification. *See*

---

[3] In their response, Defendants include their own proposed modification of the Protective Order in the efforts of "compromise." (*See* Dkt. #216 at p. 8; Dkt. #217 at Exhibit G, Exhibit H). However, the Court will not consider Defendants' request for relief as it was not filed in accordance with Local Rule CV-7, which states, "[e]ach pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief…" Additionally, Defendants do not argue that Relators' proposed modifications relating to contacting the nonparties are inappropriate. Therefore, the Court finds that Defendants do not oppose Relators' proposed modifications as they relate to contacting the nonparties. As Defendants do not oppose the proposed modifications for the nonparties, and the Court finds there is good cause for the proposed modifications, the Court will grant Relators' modifications in regards to those modifications alone.

*Raytheon* 2008 WL 4371679, at *2; *see also Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, Nos. 6:06-cv-222, 6:07-cv-251, 2009 WL 10184564, at *2 (E.D. Tex. Apr. 8, 2009) ("The [moving] parties agreed to the entry of the Protective Order. The first factor weighs against modification."). Therefore, the Court finds that factor one weighs against granting Relators' modification.

When determining foreseeability, the court looks into "whether the need for modification was foreseeable at the time the parties negotiated the original stipulated protective order." *Raytheon*, 2008 WL 4371679, at *2 (quoting *Bayer*, 162 F.R.D. at 466). "[A] party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Peoples*, 2008 WL 2571900, at *2 (quoting *Murata*, 234 F.R.D. at 180) (quoting *Jochims v. Isuzu Motors Ltd.*, 145 F.R.D. 499, 502 (S.D. Iowa 1992)). Relators seek a modification to the Protective Order so that they can review the evidence obtained in the litigation. The Court finds that this desire was foreseeable to Relators at the time that they negotiated and agreed to the Protective Order with Defendants. Because their desire was foreseeable at the time the parties entered into the Protective Order, the Court finds that foreseeability weighs against modification, as to the Relators access to the confidential documents.

"The reliance factor focuses on the extent to which the party opposing the modification relied on the protective order in deciding the manner in which documents would be produced in discovery." *Raytheon*, 2008 WL 4371679, at *3 (citing *Bayer*, 162 F.R.D. at 467; *Murata*, 234 F.R.D. at 180; *Peoples*, 2008 WL 2571900, at *2). "Courts have found it 'presumptively unfair…to modify protective orders which assure confidentiality and upon which the parties have

reasonably relied.'" *Peoples*, 2008 WL 2571900, at *2 (quoting *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). "The extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery or to settle the case." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992).

Defendants assert that they have heavily relied on the Protective Order, and produced more than three million documents largely without redaction based upon the terms of the Protective Order (Dkt. #216 at p. 6). Further, they allege that "[h]ad Defendants known that those documents could have been shared with Relators…, Defendants would have withheld those documents or produced them in redacted form." (Dkt. #216 at p. 6). Relators assert that the lack of redacted documents was caused by Defendants' "[lateness] in complying with their discovery obligations (Dkt. #221 at p. 5). Defendants have relied on the Protective Order, which Relators agreed to, in producing largely without redaction, documents that contain borrowers' highly sensitive personal and financial information. Much of the sensitive information could be of little use to Relators in the present case, but would potentially present harm to borrowers. The Court finds that the end of the discovery period, after the parties have relied upon the Protective Order to produce documents in the case, is not the appropriate time to dispute the Protective Order, into which the parties jointly entered. The Court finds that because Defendants relied on the Protective Order when producing documents to Relators, the third factor weighs against modification of the Protective Order.

Finally, the Court considers whether good cause exists to grant the proposed modification. "'Good cause' in this context requires 'changed circumstances or new situations' warranting modification of a protective order." *Peoples*, 2008 WL 2571900, at *3 (quoting

7

*Murata*, 234 F.R.D. at 180). In determining whether the moving party has established good cause, "the court must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals." *Id.* To demonstrate good cause, the movant must present "a specific demonstration of fact rather than mere conclusory statements." *Caraway v. Chesapeake Expl. LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) (quoting *Resolution Tr. Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992)).

Relators assert that "Defendants have made no such showing [of good cause] to support entry of a tiered protective order." (Dkt. #205 at p. 4). The Court believes that Relators are challenging whether the current Protective Order was entered for good cause; and therefore, will address that argument. There is no Fifth Circuit guidance relating to the issue of who bears the burden when modifying a stipulated protective order. *See In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 3247432, at *2 (S.D. Tex. Sept. 29, 2009). However, at least one court in the Fifth Circuit, relying on law from other circuits, has stated:

> If good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection[.]

*In re Enron*, 2009 WL 3247432, at *3 (citing *Holland v. Summit Autonomous, Inc.*, No. 00-2313, 2001 WL 930879, at *3-4 (E.D. La. Aug. 14, 2001), *aff'd*, No. 00-2313, 2001 WL 1132030 (E.D. La. Sept. 21, 2001) (citing *Bayer*, 162 F.R.D. at 462-63)).

In the present case, the protective order in dispute was stipulated to by the parties and approved by the Court, therefore, the parties, not the Court, designated which documents would be marked as "confidential." "'It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public' but Rule 26(c) allows a

federal judge to reject this presumption where good cause is show[n]." *In re Enron*, 2009 WL 3247432, at *3 (quoting *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 130, n. 8 (S.D. Tex. 2005) (citations omitted)). "Where the court 'entered a blanket stipulated protective order…[s]uch blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document.'" *Id.* (citing *In re Enron*, 229 F.R.D. at 131) (quoting *San Mercury News, Inc. v. U.S. Dist. Court of N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)). In the present case, the Court finds that good cause was not shown at the time the parties stipulated to the Protective Order, therefore, the burden is on the Defendants to show that good cause exists for continued protection under the Protective Order.

Defendants allege that good cause exists because "there is a palpable threat of severe harm if Defendants' documents were stripped of their protective order protections." (Dkt. #216 at p. 7). Defendants assert that "Relators have worked in the mortgage servicing industry in the past, including for Defendants' direct competitor, and may in the future." (Dkt. #216 at p. 7). Relators argue that Defendants' threat is "purely speculative," as Defendants have not demonstrated that harm would occur if the documents were not covered under the Protective Order (Dkt. #221 at p. 5). The Court finds that good cause exists for the Protective Order. Although Relators are not currently employed in the mortgage servicing industry, their past work within the mortgage servicing industry, as well as the possibility that they could work within the industry at any time in the future demonstrates that procedures should be put in place to protect the confidential information from potential disclosure. Therefore, the final factor weighs slightly against the modification of the Protective Order. Considering the factors, the Court concludes that Relators' request for a modification of the Protective Order should be denied as to Relators'

access to documents.

## CONCLUSION

It is therefore **ORDERED** that Relators' Motion for Modification of Protective Order [ECF #98] to Allow Relators Access to Confidential Information (Dkt. #205) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that within seven days of this Order, Relators should file with the Court a proposed protective order consistent with the Court's findings herein.

**SIGNED this 22nd day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE