# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.* Michael J. Fisher, Brian Bullock and<br>Michael Fisher, Individually and Brian<br>Bullock, Individually<br><br>v.<br><br>HOMEWARD RESIDENTIAL, INC., f/k/a<br>American Home Mortgage Servicing, Inc.,<br>ET. AL. | §§§§§§§§§§ | CASE NO. 4:12-CV-461<br>Judge Mazzant |
| UNITED STATES OF AMERICA<br>*Ex rel.* Michael J. Fisher, Brian Bullock and<br>Michael Fisher, Individually and Brian<br>Bullock, Individually<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC., ET. AL. | §§§§§§§§§ | CASE NO. 4:12-CV-543<br>Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are (1) Motion by Relators' Counsel Fish & Richardson P.C. to Compel Arbitration (Dkt. #337 Homeward; Dkt. #539 Ocwen) and (2) Relators' Counsel Boyd & Associates' Emergency Motion to Enforce Settlement Agreement (Dkt. #348 Homeward; Dkt. #550 Ocwen). After reviewing the pleadings, the Court finds the Motion by Relators' Counsel Fish & Richardson P.C. to Compel Arbitration (Dkt. #337 Homeward; Dkt. #539 Ocwen) is denied. Relators' Counsel Boyd & Associates' Emergency Motion to Enforce Settlement Agreement (Dkt. #348 Homeward; Dkt. #550 Ocwen) is granted.

**BACKGROUND**

The pending dispute arises from Fish & Richardson ("Fish") and Boyd & Associates' ("Boyd") joint representation of Michael J. Fisher and Brian Bullock (the "Relators") in False Claims Act suits against Homeward Residential, Inc., Ocwen Financial Corporation, and Ocwen Loan Servicing, LLC. *See United States of America v. Homeward Residential, Inc.*, No. 4:12-cv-461 (E.D. Tex. 2012); *United States of America v. Ocwen Loan Servicing, LLC*, No. 4:12-cv-543 (E.D. Tex. 2012). Fish and Boyd dispute the fees incurred during the joint representation and whether the dispute should be resolved through arbitration.

On December 29, 2014, Fish and Boyd entered into a Letter Agreement governing their representation of the Relators. The Letter Agreement describes the work to be done by each firm, litigation expenses, and fee sharing. The Letter Agreement provides that each firm shall "be paid their respective statutory attorneys' fees incurred (1) prior to and (2) after the date of the settlement or award, as awarded to the firms, respectively, by the Court or agreed to in settlement." The Letter Agreement further states that

> any disputes relating to the construction, interpretation, enforcement, execution or implementation of this Agreement, shall be resolved by alternative dispute resolution. . . . Alternative dispute resolution means that the parties agree to submit, initially, all disputes to an independent mediator mutually agreed to by the parties. . . . In the event the parties are unable to resolve their disputes through mediation, the parties agree that the mediator shall require the parties to submit their disputes to an independent arbitrator selected . . . by JAMS.

Between January 2015 and June 2016, the parties engaged in discovery, motion practice, and trial preparation. On June 22, 2016, the parties reached a mediated settlement proposal, subject to final approval by the U.S. Department of Justice and the Ocwen Board of Directors. The mediated settlement proposal provides that Ocwen Financial Corporation, Ocwen Loan Servicing,

LLC, and Homeward Residential, Inc. agree to pay a total of $30,000,000 to settle the suits. The mediator's proposal states:

1. Ocwen shall pay the sum of $30,000,000.00 as follows:
(a) $15,000,000.00 shall be paid to the Government and Relators ("the Settlement Amount"), to be apportioned among the parties in accordance with 31 U.S.C. § 3730(d)(2).
(b) $11,444,000.00 shall be paid to Fish & Richardson for reasonable attorney's fees, costs, and expenses necessarily incurred in the litigation ("F&R Fee Award").
(c) Sam Boyd, Roger Sanders, and their respective law firms may petition the court for payment of reasonable attorney's fees, costs, and expenses necessarily incurred in the litigation ("Boyd/Sanders Fee Award"). Ocwen may challenge the request. If the cumulative amount of the Boyd/Sanders Fee Award as determined by the court is less than $3,556,000.00, the difference shall be paid to F&R.[1]

[1] The cumulative amount of attorney's fees, costs, and expenses incurred by Boyd and Sanders is based on a summary of fees and costs provided to the mediator by counsel for Relators on June 14, 2016. According to that summary, Boyd has incurred $3,175,000.00 in fees and $125,000.00 in costs, and Sanders has incurred $254,000.00 in fees and $2,000.00 in costs. Without suggesting a view of whether these fees and costs are reasonable or necessarily incurred in the litigation, this proposal is intended to establish enough of a reserve that would enable Boyd and Sanders to petition the court for all fees and costs incurred by them and their representative firms through June 14, 2016.

On October 12, 2016, the Court held a status conference on the issue of attorney's fees. Fish argued that Boyd had not produced billing records and that Boyd's attorney's fees and costs were unsubstantiated by the amount of work Boyd performed during the litigation. The Court ordered counsel to exchange fee statements and costs (Dkt. #332 Homeward; Dkt. #535 Ocwen). The Court further referred counsel to mediation regarding the fee and cost disputes before the Honorable David Folsom (Dkt. #332 Homeward; Dkt. #535 Ocwen). On November 2, 2016, counsel participated in a mediation before Judge Folsom. Counsel were unable to resolve the dispute, and on November 14, 2016, Judge Folsom recommended that the Court require arbitration pursuant to counsel's December 29, 2014 Letter Agreement (Dkt. #336 Homeward; Dkt. #538

Ocwen). That same day, Fish emailed a Demand for Arbitration to JAMS and served a hardcopy of the demand on Boyd on November 15, 2016. Boyd indicated that it would not agree to submit the dispute to arbitration.

On November 17, 2016, Fish filed the pending Motion by Relators' Counsel Fish & Richardson P.C. to Compel Arbitration (Dkt. #337 Homeward; Dkt. #539 Ocwen). Fish argues that counsel's December 29, 2014 Letter Agreement contains a valid arbitration provision and the fee dispute falls within the scope of the arbitration provision. Fish states that the Letter Agreement provides that "any dispute relating to the construction, interpretation, enforcement, execution or implementation of this Agreement, shall be resolved by alternative dispute resolution." Fish notes that the accuracy of fee claims and billing statements "unquestionably relates to the construction, interpretation, enforcement, execution or implementation" of the Letter Agreement. Fish asks the Court to compel Fish and Boyd to engage in arbitration to apportion the fees awarded in the mediated settlement proposal.

On December 8, 2015, Boyd filed a response (Dkt. #343 Homeward; Dkt. #545 Ocwen). On December 15, 2016, Boyd filed Relators' Counsel Boyd & Associates' Emergency Motion to Enforce Settlement Agreement (Dkt. #348 Homeward; Dkt. #550 Ocwen). In both the response and the motion, Boyd argues that the fee dispute is not within the scope of the arbitration provision. According to Boyd, the mediated settlement proposal "settled the statutory attorneys' fee allocation issue, and it requires this Court, not an arbitrator, to make a final decision regarding Relators' law firms' statutory fees." Boyd further argues that Fish does not have standing to compel arbitration because under the mediated settlement proposal, only Ocwen may dispute Boyd's statutory fee request. Boyd also states that Fish should be judicially estopped from arguing the fee dispute is subject to arbitration because Fish previously argued that the Court should order

4

the parties to exchange billing records and attend mediation. Boyd asks the court to "summarily enforce" the mediated settlement proposal because it settles the amount of fees to be awarded to Boyd, conditioned upon the Court's approval of the fees.

On December 29, 2016, Fish filed a response (Dkt. #353 Homeward; Dkt. #555 Ocwen). Fish responds that under the mediated settlement proposal the Court will consider the "reasonableness and necessity of the overall amount of $15 million that Ocwen has agreed to pay the law firms, collectively." Fish argues that while the Court will determine whether the settlement amount is reasonable, the arbitrator will determine "the precise amount each firm is entitled to receive from the fixed pool of $15 million mandated by the forthcoming settlement." Fish reiterates that arbitration will result in an allocation of the mediated settlement proposal award and is "wholly consistent with the Court's consideration of the reasonableness and necessity of the total amount of the fees and costs."

On January 9, 2017, Boyd filed a reply (Dkt. #357 Homeward; Dkt. #559 Ocwen). On January 17, 2016, Fish filed a sur-reply (Dkt. #360 Homeward; Dkt. #561 Ocwen).

**LEGAL STANDARD**

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

5

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP Am., Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id*. In regard to the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.* at 222 (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The second question of scope is answered "by applying the 'federal substantive law of arbitrability . . . .'" *Id*. (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

## ANALYSIS

Boyd argues that Fish does not have standing to compel arbitration or to dispute the allocation of fees under the mediated settlement proposal. Boyd contends that under the mediated settlement proposal, only Ocwen may dispute Boyd's statutory fee request. However, the mediated settlement proposal does not state that only Ocwen may dispute Boyd's statutory fee request. It states that the firms may submit their fee statements to the Court and the Court will determine the reasonableness of fees and expenses necessarily incurred in the litigation. This allows the interested stakeholders to challenge the requested fees for reasonableness. As a party to both the Letter Agreement and mediated settlement proposal, Fish has standing to compel arbitration or to dispute the fees under the mediated settlement agreement.

The Court finds a binding agreement to arbitrate exists between Boyd and Fish. Counsel's joint representation of Relators is governed by the December 29, 2014 Letter Agreement between the firms. The Letter Agreement contains an "Alternative Dispute Resolution" provision that requires the firms to resolve disputes relating to the Letter Agreement through mediation and, if

6

mediation is unsuccessful, through arbitration. The Letter Agreement was entered into by two sophisticated parties and contains a valid arbitration provision.

However, the statutory attorney's fee dispute does not fall within the scope of the arbitration provision.

Fish states that the Letter Agreement addresses each firms' responsibilities in the litigation and how the firms will share in any recovery. Fish argues that the disagreement regarding the legitimacy and allocation of attorney's fees thus relates to the "interpretation, enforcement, execution or implementation" of the Letter Agreement and is within the scope of the arbitration provision. This argument is without merit.

First, the False Claims Act provides that the Court will award the parties settling a claim an amount that "the court decides is reasonable for collecting the civil penalty and damages." 31 U.S.C. § 3730(d)(2). The statute further provides that the parties shall "also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." *Id.* The review of attorney's fees is statutorily assigned to the Court.

Further, the mediated settlement proposal states that "the following proposal is hereby made for the full and final settlement of all claims . . . including any claims by counsel for Relators for attorney's fees, costs, and expenses under the False Claims Act ("FCA"), 31 U.S.C. § 3730." Accordingly, the firms agreed that the mediated settlement proposal fully and finally settled any claims relating to attorney's fees. Fish cannot avoid this language in the mediated settlement proposal by stating that any dispute relating to fees falls under the Letter Agreement's arbitration provision. By entering into the mediated settlement proposal, Fish agreed to fully and finally settle all claims by Relators' counsel for attorney's fees.

Moreover, the Letter Agreement provides that each firm shall be paid their respective statutory attorney's fees as "agreed to in settlement." The parties agreed in the mediated settlement proposal that Boyd "may petition the court for payment of reasonable attorney's fees, costs, and expenses necessarily incurred in the litigation." The parties further agreed that if the Court determines that the cumulative amount of Boyd's attorney's fees, costs, and expenses is less than $3,300,000, the difference shall be paid to Fish. The mediated settlement proposal notes that the "proposal is intended to establish enough of a reserve that would enable Boyd . . . to petition the court for all fees and costs." The statutory attorney's fees issue does not fall within the scope of the arbitration provision because the parties agreed in the Letter Agreement that statutory attorney's fees would be awarded as agreed to in settlement. In settlement, the parties expressly agreed that the Court would determine the payment of reasonable statutory attorney's fees.

Fish further argues that the mediated settlement proposal does not preclude the parties from arbitrating the precise amount each firm is entitled to receive from the fixed pool of $15 million in the mediated settlement agreement. However, the mediated settlement agreement clearly states that the Court will determine whether the cumulative amount of Boyd's attorney's fees, costs, and expenses is less than $3,300,000. The mediated settlement agreement does not state that an arbitrator may allocate these fees. Fish acknowledged that the parties agreed in settlement that the Court would resolve the attorney's fees dispute. In an email regarding the dispute, Thomas Melsheimer of Fish stated that "all the firms will follow the same process for fees under the settlement agreement terms . . . that we have accepted. It is our hope, still, that we can work it all out among ourselves but if we cannot we will all go to the Court under the provisions set out in the agreement" (Dkt. #348 Homeward; Exhibit 3, Dkt. #550 Ocwen, Exhibit 3).

8

Fish's motion to compel arbitration is therefore denied. Relators' counsel may petition the Court for payment of reasonable attorney's fees, costs, and expenses necessarily incurred in the litigation.

**CONCLUSION**

It is therefore **ORDERED** that the Motion by Relators' Counsel Fish & Richardson P.C. to Compel Arbitration (Dkt. #337 Homeward; Dkt. #539 Ocwen) is hereby **DENIED**.

Relators' Counsel Boyd & Associates' Emergency Motion to Enforce Settlement Agreement (Dkt. #348 Homeward; Dkt. #550 Ocwen) is hereby **GRANTED**.

**SIGNED this 3rd day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE